**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4550**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

BEVERLY J. BEARD,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:08-cr-00141-CCB-1)

Submitted: October 29, 2010        Decided: December 8, 2010

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven G. Berry, Bethesda, Maryland, for Appellant. Kathleen O'Connell Gavin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Beverly J. Beard on three counts of False Statement to a Federal Agency, 18 U.S.C. § 1001(a)(2) (2006), and one count of False Statement to the Social Security Administration ("SSA"), 42 U.S.C. § 408(a)(3) (2006). She received a thirty-month sentence. Beard's appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating in his opinion there are no meritorious issues for appeal but raising the issues of whether sufficient evidence supports the jury's verdict and whether trial counsel was ineffective. The Government has declined to file a responsive brief. Beard has filed a pro se supplemental brief. We affirm.

"A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). A jury's verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see United States v. Perkins, 470 F.3d 150, 160 (4th Cir. 2006). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks

2

omitted).  We consider both circumstantial and direct evidence, drawing all reasonable inferences from such evidence in the Government's favor.  United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008).  In resolving issues of substantial evidence, we do not reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).  We have reviewed the transcript of the jury trial and the evidence introduced at that trial, and conclude that there is sufficient evidence to support the jury's convictions.

Beard also maintains counsel below was ineffective. Specifically, she claims that trial counsel erred in withdrawing the motion to suppress; not asking for a breakdown of the restitution; not challenging the jurors that were affiliated with government officials and police officers; not objecting to the several day break in trial; and presenting only a short closing argument that addressed none of the issues at hand. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes that counsel provided ineffective assistance.  United States v.

3

Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that Beard's claims are not ripe for review at this time.

In accordance with Anders, we have reviewed the entire record and Beard's pro se supplemental brief and supplement, and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Beard, in writing, of her right to petition the Supreme Court of the United States for further review. If Beard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Beard. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED